**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| **ANTONIO SAUNDERS,** | : | |
| **Plaintiff,** | : | |
| | : | |
| **v.** | : | **CIVIL ACTION NO. 20-CV-4530** |
| | : | |
| **BB&T BANK,** *et al.*, | : | |
| **Defendants.** | : | |

## ORDER

This 20th day of October, 2020, upon consideration of Plaintiff Antonio Saunders's Complaint (ECF No. 1), Letter request to join this case with his habeas case and to amend (ECF No. 3), and his "Motion for Service and Process to be Processed by the U.S. Marshal Service Office of the Court" and related letter (ECF Nos. 4 & 5),  it is **ORDERED** that:

1.    The Complaint is dismissed in its entirety pursuant to 28 U.S.C. § 1915A(b)(1), for the reasons in the Court's Memorandum, as follows:

a.    Saunders's claims for injunctive relief are **DISMISSED WITHOUT PREJUDICE** to him proceeding in his pending habeas case, *see Saunders v. Ransom*, E.D. Pa. Civ. A. No. 20-4432;

b.    Saunders's claims against Magistrate Judge Nicholas Englesson, Magistrate Judge John Capobianco, and Judge Jennifer Sletvold are **DISMISSED WITH PREJUDICE**;

c.    Saunders's claims against John M. Morganelli and James Augustine in their individual capacities are **DISMISSED WITH PREJUDICE**;

d.    Saunders's claim against Leigh Ann Fisher are **DISMISSED WITH PREJUDICE**;

e. Saunders's false arrest claims and related conspiracy claims against Detective Michael Munch, Jamie Adams, and BB&T are **DISMISSED WITHOUT PREJUDICE** to amendment as set forth in paragraph three (3) of this Order; and;

f. Saunders's remaining claims are **DISMISSED WITHOUT PREJUDICE** as barred by *Heck v. Humphrey*, 512 U.S. 477 (1994).  The dismissal of these claims is without prejudice to Saunders filing a new case only in the event his underlying convictions are reversed, vacated, or otherwise invalidated.

2. The Clerk of Court shall **TERMINATE** the following Defendants as parties to this case: (a) Truist Bank; (b) Magistrate Judge Nicholas Englesson; (c) Magistrate Judge John Capobianco; (d) Judge Jennifer Sletvold (spelled Jennifer Sletvoid in the caption); (e) Attorney at Law Edward Andres; (f) Attorney at Law Michael Light; (g) Northampton County; (h) City of Easton; (i) John M. Morganelli; (j) James Augustine; (k) Leigh Ann Fisher; (l) Court Reporter Karen Mengel; and (m) John Doe.  The Clerk of Court shall also **CORRECT** the docket so that Defendant "Jamie Adama" appears as "Jamie Adams."

3. Saunders may file an amended complaint within thirty (30) days of the date of this Order only as to his false arrest claims and related conspiracy claims against Detective Michael Munch, Jamie Adams, and BB&T.  Any amended complaint must identify all defendants in the caption of the amended complaint in addition to identifying them in the body of the amended complaint and shall state the basis for Saunders's claims against each defendant.  The amended complaint shall be a complete document that does not rely on the initial Complaint or other papers filed in this case to state a claim.  When drafting his amended complaint, Saunders should be mindful of the Court's reasons for dismissing the claims in his initial Complaint as explained

in the Court's Memorandum.  Any amended complaint may not reassert any claim dismissed with prejudice or currently barred by *Heck v. Humphrey*.  Upon the filing of an amended complaint, the Clerk shall not make service until so **ORDERED** by the Court.

4.      The Clerk of Court is **DIRECTED** to send Saunders a blank copy of this Court's current standard form to be used by a prisoner filing a civil rights action bearing the above-captioned civil action number.  Saunders may use this form to file his amended complaint if he chooses to do so.[1]

5.      If Saunders does not wish to amend his Complaint and instead intends to stand on his Complaint as originally pled, he may file a notice with the Court within thirty (30) days of the date of this Order stating that intent, at which time the Court will issue a final order dismissing the case.  Any such notice should be titled "Notice to Stand on Complaint," and shall include the civil action number for this case, 20-4530.  *See Weber v. McGrogan*, 939 F.3d 232 (3d Cir. 2019) ("If the plaintiff does not desire to amend, he may file an appropriate notice with the district court asserting his intent to stand on the complaint, at which time an order to dismiss the action would be appropriate." (quoting *Borelli v. City of Reading*, 532 F.2d 950, 951 n.1 (3d Cir. 1976))); *In re Westinghouse Sec. Litig.*, 90 F.3d 696, 703–04 (3d Cir. 1996) (holding "that the district court did not abuse its discretion when it dismissed with prejudice the otherwise viable claims . . . following plaintiffs' decision not to replead those claims" when the district court "expressly warned plaintiffs that failure to replead the remaining claims . . . would result in the dismissal of those claims").

6.   If Saunders fails to file any response to this Order, the Court will conclude that

---

[1] This form is available on the Court's website at
https://www.paed.uscourts.gov/documents/forms/frmc1983f.pdf.

Saunders intends to stand on his Complaint and will issue a final order dismissing this case.[2]  *See Weber*, 939 F.3d at 239-40 (explaining that a plaintiff's intent to stand on his complaint may be inferred from inaction after issuance of an order directing him to take action to cure a defective complaint).

7.   Saunders's letter request to join this case with his habeas case and to amend (ECF No. 3) is **DENIED**.

8.   Saunders's "Motion for Service and Process to be Processed by the U.S. Marshal Service Office of the Court" and related letter (ECF Nos. 4 & 5) are **DENIED WITHOUT PREJUDICE.**

BY THE COURT:

/s/ Gerald Austin McHugh

**GERALD A. McHUGH, J.**

---

[2] The six-factor test announced in *Poulis v. State Farm Fire & Casualty Co.*, 747 F.2d 863 (3d Cir. 1984), is inapplicable to dismissal orders based on a plaintiff's intention to stand on his complaint.  *See Weber*, 939 F.3d at 241 & n.11 (treating the "stand on the complaint" doctrine as distinct from dismissals under Federal Rule of Civil Procedure 41(b) for failure to comply with a court order, which require assessment of the *Poulis* factors); *see also Elansari v. Altria*, 799 F. App'x 107, 108 n.1 (3d Cir. 2020) (per curiam).  Indeed, an analysis under *Poulis* is not required when a plaintiff willfully abandons the case or makes adjudication impossible, as would be the case when a plaintiff opts not to amend his complaint, leaving the case without an operative pleading.  *See Dickens v. Danberg*, 700 F. App'x 116, 118 (3d Cir. 2017) (per curiam) ("Where a plaintiff's conduct clearly indicates that he willfully intends to abandon the case, or where the plaintiff's behavior is so contumacious as to make adjudication of the case impossible, a balancing of the *Poulis* factors is not necessary."); *Baker v. Accounts Receivables Mgmt., Inc.*, 292 F.R.D. 171, 175 (D.N.J. 2013) ("[T]he Court need not engage in an analysis of the six *Poulis* factors in cases where a party willfully abandons her case or otherwise makes adjudication of the matter impossible." (citing cases)).