IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| ANTONIO SAUNDERS, | : | |
|     Plaintiff, | : | |
| | : | |
| v. | : | CIVIL ACTION NO. 20-CV-4530 |
| | : | |
| BB&T BANK, *et al.*, | : | |
|     Defendants. | : | |

**McHUGH, J.**                                                                                                                                       **April 20, 2022**

## **MEMORANDUM**

Plaintiff Antonio Saunders filed this civil action primarily claiming his civil rights were violated in connection with his arrest, prosecution, and conviction of crimes in state court. In an October 20, 2020 Memorandum and Order, the Court screened Saunders's Complaint pursuant to 28 U.S.C. § 1915A(b)(1) and dismissed the Complaint in its entirety. *Saunders v. BB&T Bank*, No. 20-CV-4530, 2020 WL 6146654, at *1 (E.D. Pa. Oct. 20, 2020), *aff'd as modified*, 852 F. App'x 651 (3d Cir. 2021) (*per curiam*). The Court dismissed some of Saunders's claims with prejudice and others without prejudice as claims to be pursued in a *habeas* action or not cognizable under *Heck v. Humphrey*, 512 U.S. 477, 486-87 (1994). *Id.* at *12. A third set of claims were dismissed without prejudice to Saunders filing an amended complaint limited to those claims. *Id*. Saunders opted to stand on his complaint and appeal rather than file an amended complaint. The Third Circuit summarily affirmed this Court's judgment, adding that "[b]ecause the District Court correctly concluded that all of [Saunders's] civil rights claims lacked merit, and he elected not to file an amended complaint, we modify the District Court's

order, in part, to dismiss with prejudice all of Saunders' claims except for what was properly construed as a request for habeas relief." *Saunders*, 852 F. App'x at 655-65.

In March 2022, Mr. Saunders moved to reopen the judgment in this case. (ECF No. 26.) In a March 24, 2022 Order, the Court denied that Motion because Saunders had not established a basis for reopening the case under Federal Rule of Civil Procedure 60. (ECF No. 27.) Saunders then returned with the current Motion, in which he asks the Court to reopen the judgment to permit him to amend his Complaint. (ECF No. 28.)

Saunders's post-judgment request to amend his complaint is governed by Rule 60(b). *Abulkhair v. Fed. Bureau of Investigation*, 845 F. App'x 99, 101 (3d Cir. 2021) (*per curiam*) ("To the extent that Abulkhair sought to amend his complaint, he was required to move the District Court to reopen his case pursuant to Federal Rule of Civil Procedure Rule 60(b)." (footnote omitted)) (citing *Ahmed v. Dragovich*, 297 F.3d 201, 208-09 (3d Cir. 2002)); *Kamdem-Ouaffo v. Plaza Square Apartments*, 840 F. App'x 715, 717 (3d Cir. 2021) (*per curiam*) (plaintiff who sought to file post-judgment amended complaint after affirmance of the judgment on appeal "also had to move the District Court to reopen his case pursuant to Federal Rule of Civil Procedure Rule 60(b)"). As in his prior Motion, Saunders alleges that he mistakenly stood on his initial Complaint because he was ill with COVID and receiving "mind altering" medication when he stated his intention to stand on his Complaint. (ECF No. 28 at 2.) A motion for relief from judgment based on a mistake, which is governed by Rule 60(b)(1), must be made within a reasonable time and, in any event, no later than a year after entry of the judgment in question. Fed. R. Civ. P. 60(c)(1). As Saunders filed his Motion more than a year after entry of the Court's judgment, his Motion is untimely. Accordingly, for this reason, which is among the

reasons the Court denied Saunders's prior motion based on the same arguments, the Court will deny Saunders's Motion.

To the extent Saunders relies on Rule 60(a), that provision applies to clerical errors and is inapplicable here. *See United States v. Pasley*, 800 F. App'x 92, 94-95 (3d Cir. 2020) ("[T]his Court has held that a clerical error 'must not be one of judgment or even of misidentification, but merely of recitation, of the sort that a clerk or amanuensis might commit, mechanical in nature.'" (quoting *United States v. Guevremont*, 829 F.2d 423, 426 (3d Cir. 1987)); *Pfizer Inc. v. Uprichard*, 422 F.3d 124, 129-30 (3d Cir. 2005) (Rule 60(a) "encompasses only errors mechanical in nature, apparent on the record, and not involving an error of substantive judgment." (quotations omitted)).

For all the reasons above, his motion will be denied. An appropriate order follows.

    /s/ Gerald Austin McHugh
United States District Judge